KONENKAMP, Justice
(dissenting).
[¶ 24.] Child custody disputes are uniquely capable of repetition. That is a sad reality. In ignoring this reality, the Court declares moot a controversy that is reasonably capable of arising again between these parents. Indeed, the circuit court ordered that the question here “shall be considered” every two years. Thus the issue is not moot, and we should not evade our responsibility to decide it.
[¶ 25.] At issue is the mother’s request to take the parties’ children to visit relatives in her “homeland” in the Philippine Islands. The parents have joint custody of *902 their children, and they have agreed that neither parent may take the children outside the United States without the consent of the other. In a hearing on the mother’s request to take the children to the Philippines, the father presented compelling evidence, unnecessary to recount in detail here, that westerners in general, and these children in particular, may be in serious danger if they travel to the location in the Philippines where the mother wished to go.
[¶ 26.] He based his concerns on explicit U.S. Department of State travel warnings, as well as on his personal experiences as an international business traveler in Southeast Asia. He was also concerned about the mother’s possible intention not to return with the children and his lack of legal recourse in that event. The Republic of the Philippines is not a signatory to the 1980 Hague Convention on the Civil Aspects of International Abduction of Children. Overruling the father’s objections, the circuit court ordered that the mother could take the children to the Philippines in the summer of 2008. Because the mother later returned with the children to South Dakota, this Court deems moot any consideration of the father’s appeal. The Court finds that return trips are only “theoretical,” despite the circuit court’s written order that it “shall” consider biannual overseas trips for the mother and children.
[¶ 27.] By long-standing rule, a question technically moot will not be considered moot if it is capable of repetition yet evading appellate review. This doctrine is limited to situations “where the following two circumstances [are] simultaneously present: ‘(1) the challenged action [is] in its duration too short to be fully litigated pri- or to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again[.]’” Lewis v. Cont’l Bank Corp., 494 U.S. 472, 481, 110 S.Ct. 1249, 1255, 108 L.Ed.2d 400 (1990) (citation omitted) (first alteration added, subsequent alterations in original). The Court correctly restates this rule and concedes that the first part of the test has been shown. In finding that the second part has not been met, the Court mistakenly equates “reasonable expectation” with “demonstrated probability.” Those standards — “reasonable expectation” or “demonstrated probability” — are viewed in the disjunctive, so that certain questions may be capable of repetition based on reasonable expectations that are not necessarily demonstrably probable. Honig v. Doe, 484 U.S. 305, 319 n. 6, 108 S.Ct. 592, 602 n. 6, 98 L.Ed.2d 686 (1988). As the Supreme Court in Honig emphasized, “[o]ur concern in these cases, as in all others involving potentially moot claims, was whether the controversy was capable of repetition and not ... whether the claimant had demonstrated that a recurrence of the dispute was more probable than not.” Id. (emphasis in original).
[¶ 28.] This Court also errs in suggesting that the next projected trip to the Philippines is too far in the future and that “circumstances could change at any time, especially in two years’ time.” Never mind that it is now close to one year before the next projected trip, and probably less than one year before the next circuit court hearing on the mother’s travel plans. But, more importantly, the requirement of “capable of repetition” has never been limited by a requirement of imminence. An issue is not moot if the events are capable of repetition “at any time.” Washington v. Harper, 494 U.S. 210, 219, 110 S.Ct. 1028, 1035, 108 L.Ed.2d 178 (1990) (citation omitted); see also Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. District of Columbia, 972 F.2d 365, 371 (D.C.Cir.1992); Arkansas Gas Consumers, Inc. v. Arkansas Pub. Serv. Comm’n, 354 Ark. 37, 118 S.W.3d 109 (2003).
*903 [¶ 29.] Our Court has had little experience with domestic relations disputes over travel abroad, especially in light of the modern reality of international terrorism and Third World instability. Other courts, however, have dealt with these issues and have created some helpful criteria for trial courts to apply before allowing one parent, over the objection of the other, to travel overseas with the children. See, e.g., Abouzahr v. Matera-Abouzahr, 361 N.J.Super. 135, 824 A.2d 268, 282 (2003) (setting forth eight factors for courts to apply). We would do well to consider these authorities and require the circuit court here to use some recognized criteria for making these types of decisions. The circuit court in this case entered no written findings of fact or conclusions of law. We have only its oral remarks.
[¶ 30.] The father has an absolute right to have a circuit court decision regarding his children’s custody, temporary or otherwise, reviewed and modified if necessary by this Court. See SDCL 25-4-46. That right is effectively denied when we fail to allow adequate time for the matter to be considered on appeal. On May 23 of last year, when the circuit court signed its order granting the mother permission to travel on July 10 to the Philippines with the children, the father had only a few weeks to obtain appellate review before she left. By the time the father’s request for a stay reached this Court, the mother had already purchased the airline tickets. Obviously, scarce time was left to permit a full and fair review of the decision.
[¶31.] We do great disservice to children, whose best interests we are bound to uphold, when we deny meaningful appellate review of rulings that may affect their safety and, indeed, their very lives. This Court concedes, as it must, that this controversy “may arise in the future.” How could it not, given the circuit court’s order that “Biannual overseas travel for [the mother] and children shall be considered[.]” Without a doubt, therefore, the issue is “capable of repetition.” To deny this is to deny meaningful appellate review.
[¶ 32.] ZINTER, Justice, joins this dissent.